# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE L. JOHNSON,<br><br>              Petitioner,<br><br>   v.<br><br>WALKER,<br><br>              Respondent. | 1:09-cv-00002-LJO-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS PURSUANT |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner filed the instant petition on January 5, 2009. (Doc. 1). In it, Petitioner challenges a 2006 conviction in the Kern County Superior Court for murder and his resulting sentence of life without the possibility of parole, raising three claims related to ineffective assistance of trial and appellate counsel. (Doc. 1, p. 1). On March 31, 2009, the Court ordered Respondent to file a response. (Doc. 8). On June 3, 2009, Respondent filed a response to the Court's March 31, 2009 order, arguing that Petitioner had previously challenged his 2006 conviction in a habeas petition in case no. 1:08-cv-01220-LJO-SMS, and that, therefore, the instant petition should be construed as a motion to amend the petition and, as construed, should be denied. On June 15, 2009, Petitioner filed his reply, contending that he had not been aware of the requirements of federal habeas corpus law

relating to timeliness and joinder of claims until he filed the instant petition, and that his filing of separate petitions was not intended to deceive the Court or delay the proceedings. (Doc. 16).

Previously, on August 19, 2008, in case no. 1:08-cv-01220-LJO-SMS, Petitioner had also challenged his 2006 conviction, raising two claims involving a challenge to the jury voir dire and the trial court's exclusion of evidence. On December 2, 2008, Respondent filed his answer to that petition. On February 27, 2009, the Court issued Findings and Recommendations to deny the petition on the merits, and on March 20, 2009, the District Court adopted the Findings and Recommendations and entered judgment.

## DISCUSSION

Respondent first contends that, given the chronology set forth above, the instant petition, which was filed while the petition in case no. 1:08-cv-01220-LJO-SMS was still pending, should be construed under Ninth Circuit law as a motion to amend the petition in the earlier case. So construed, the motion to amend, Respondent argues, should be denied because Petitioner falsely alleged in the instant petition that no prior petitions had been filed. Petitioner agrees with Respondent that the two cases should be consolidated, but argues that the earlier petition should be amended with the three claims contained in the instant petition. Petitioner denies seeking to deceive the Court or delay the proceedings.

In Woods v. Carey, 525 F.3d 886 (9th Cir. 2008), the Ninth Circuit held that, under certain circumstances, if a pro se petitioner files a habeas petition during the pendency of a previous petition, the district court should construe the second petition as a motion to amend the previous petition. Woods, 525 F.3d at 889-890. Hence, Woods appears to require the Court to construe a "second or successive" petition filed while an earlier petition is still pending in the district court as a motion to amend the earlier petition.

That situation, however, is complicated now by the fact that the Court has already dismissed the earlier petition and judgment has been entered. The Court will not attempt to assign blame for this unfortunate situation. The Findings and Recommendations in case no. 1:08-cv-01220-LJO-SMS were issued approximately seven weeks after the instant petition was filed, and judgment was entered in the earlier case prior to the Court's March 31, 2009 order to Respondent to file an answer.

Obviously, therefore, the case had long been closed when Respondent filed his response requesting consolidation and denial of the motion to amend on June 3, 2009.

At this juncture, the Court has no authority to reopen case no. 1:08-cv-01220-LJO-SMS, and Woods does not address the very practical problem with which the Court is now faced.  However, in order to give more than mere lip service to the Ninth Circuit's reasoning in Woods, in addition to the Court's grave concerns about the timeliness of this petition, the Court will follow the Ninth Circuit's reasoning by attempting to construe the instant petition as a motion to amend the prior petition in case no. 1:08-cv-01220-LJO-SMS.

So construing the petition, the Court denies the motion to amend.  A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998);  Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  Leave of Court is required for all other amendments. Rule Civ. P. 15(a).  Here, Respondent had already filed an answer in case no. 1:08-cv-01220-LJO-SMS by the time Petitioner filed the instant petition.  Thus, leave of Court would be required for any such amendment in that case.  In deciding whether to allow an amendment, the Court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings."  Bonin v. Calderon, 59 F.3d 815, 844-45 (9th Cir.1995) (applying Rule 15(a) in a habeas case).

Here, Petitioner's construed motion to amend fails to meet the first three of these criteria. First, the Court agrees with Respondent that Petitioner has shown a lack of bona fides in failing to explain, in the instant petition, that he had another petition pending in this Court in case no. 1:08-cv-01220-LJO-SMS.  Although Petitioner attributes such a lapse to his lack of training in the law and his failure to appreciate the intricacies of federal habeas corpus law, in the Court's view, it requires no formal legal education to supply accurate and truthful information on the form petition that

Petitioner used in this case.[1]  The form petition, in question no. 14, expressly asked: "Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?" (Doc. 1, p. 22).  Petitioner left the answer blank. (Id.).

Second, Petitioner has provided no satisfactory explanation for waiting from August 19, 2008, the date of filing of the petition in case no. 1:08-cv-01220-LJO-SMS, until January 5, 2009, when the instant petition was filed, in order to seek leave to "amend" his petition.

Third, Respondent has already been prejudiced by having fully litigated, on the merits, the petition in case no. 1:08-cv-01220-LJO-SMS.  Respondent was justified in believing that, in litigating the merits of Petitioner's claims challenging his 2006 Kern County conviction in case no. 1:08-cv-01220-LJO-SMS, Respondent would only have to do so once.  Any action by this Court to either re-open case no. 1:08-cv-01220-LJO-SMS or to proceed with the instant petition would effectively require Respondent to litigate Petitioner's conviction twice in federal court.  Petitioner's claims of ignorance of the law notwithstanding, he has failed to present to the Court reasons sufficient for the Court to require Respondent to litigate Petitioner's conviction a second time.

Finally, the Court notes that Petitioner still has a remedy.  Even construing the petition as a motion to amend and denying said motion, Petitioner is not precluded from filing a second and successive petition raising the same claims as those in the instant petition, assuming, of course, that Petitioner first obtains the permission of the Ninth Circuit and that the one-year statute of limitations has not expired as to the claims in the second and successive petition.

Therefore, construing the instant petition as a motion to amend, the Court, for all the reasons set forth above, recommends denial of that motion to amend.

## **RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1.  That Respondent's motion to construe the petition for writ of habeas corpus as a

---

[1] Moreover, the Court notes that Petitioner was able to fully and in detail describe the grounds for his direct appeals and those upon which he alleges that he is being held in violation of the Constitution, laws or treaties of the United States and the facts supporting these claims.

motion to amend the petition in case no. 1:08-cv-01220-LJO-SMS (Doc. 15), be GRANTED;

2. Petitioner's motion to amend the claims in case no. 1:08-cv-01220-LJO-SMS be DENIED, and the petition for writ of habeas corpus (Doc. 1), be DISMISSED.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 26, 2010**                                     /s/ Jennifer L. Thurston
                                                                                       UNITED STATES MAGISTRATE JUDGE