UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE L. JOHNSON,<br><br>        Petitioner,<br><br>   v.<br><br>WALKER,<br><br>        Respondent. | Case No.: 1:09-cv-00002-LJO-JLT<br><br>ORDER DENYING PETITIONER'S MOTIONA FOR RECONSIDERATION (Docs. 29 & 30) |

    Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

    Petitioner filed the instant petition on January 5, 2009. (Doc. 1). In it, Petitioner challenged a 2006 conviction in the Kern County Superior Court for murder and his resulting sentence of life without the possibility of parole, raising three claims related to ineffective assistance of trial and

1

appellate counsel.  (Doc. 1, p. 1).  On June 3, 2009, Respondent filed a response to the petition, arguing that Petitioner had previously challenged his 2006 conviction in a habeas petition in case no. 1:08-cv-01220-LJO-SMS, and that, therefore, the instant petition should be construed as a motion to amend the petition and, as construed, should be denied.  On June 15, 2009, Petitioner filed his reply, contending that he had not been aware of the requirements of federal habeas corpus law relating to timeliness and joinder of claims until he filed the instant petition, and that his filing of separate petitions was not intended to deceive the Court or delay the proceedings.  (Doc. 16).

Previously, on August 19, 2008, in case no. 1:08-cv-01220-LJO-SMS, Petitioner had challenged that same 2006 conviction, raising two claims involving a challenge to the jury voir dire and the trial court's exclusion of evidence.   On December 2, 2008, Respondent filed his answer to that petition.  On February 27, 2009, the Court issued Findings and Recommendations to deny the petition on the merits, and on March 20, 2009, the District Court adopted the Findings and Recommendations and entered judgment.

On January 27, 2010, the Magistrate Judge in this case issued Findings and Recommendations to dismiss the petition for writ of habeas corpus.  (Doc. 18).  In those Findings and Recommendations, the Court, following Ninth Circuit precedent, construed the petition as a motion to amend the petition in case no. 1:08-cv-01220-LJO-SMS, and recommended that, as so construed, the motion to amend be denied and the case be dismissed.  On February 9, 2010, Petitioner filed his objections to the Magistrate Judge's Findings and Recommendations.  (Doc. 19).  On February 25, 2010, the District Judge adopted the Findings and Recommendations and entered judgment.  (Docs. 20; 21).

On March 15, 2010, Petitioner filed his notice of appeal to the Ninth Circuit.  (Doc. 23).  On October 19, 2011, the Ninth Circuit denied Petitioner's request for a certificate of appealability

2

because Petitioner had not obtained permission from the Ninth Circuit to file what that Court considered a "second or successive" habeas petition. (Doc. 25). The Ninth Circuit's order was without prejudice to Petitioner's filing a request for permission to file a second or successive petition.

On October 17, 2011, Petitioner filed a motion for reconsideration, contending, inter alia, that he is unskilled in the law and lacks qualified legal assistance, that he has mental health issues, and that he did not discover his claims until after his direct appeal concluded. (Doc. 26). Petitioner argued that the Court should have construed the petition in this case as a request to amend the petition in his earlier case. On October 27, 2011, the Court denied Petitioner's motion for reconsideration, concluding that Petitioner had not met any of the requirements set forth in Rule 60. (Doc. 28).

On September 27, 2012, filed two separate motions for reconsideration. (Docs. 29 & 30). In the first motion, Petitioner, after again referring to his lack of legal knowledge, his mental problems, and lack of a "jailhouse" lawyer for assistance, argues that he did not inform the Court of his earlier petition because he did not understand the directions on the habeas petition form and the Court failed to give him proper guidance. (Doc. 29). In the second motion for reconsideration, Petitioner, again emphasizing his lack of legal training and mental impairments, contends that he did not know what he was doing when he filed his original petition in this case, and, as proof, Petitioner presents documents purporting to show that Petitioner has been found incompetent to stand trial on numerous occasions. (Doc. 30). On October 1, 2012, Respondent filed an opposition to both motions, contending that this Court has already considered all of the claims contained in the two motions and that nothing in either motion meets the requirements of Rule 60. (Doc. 31). The Court agrees with Respondent.

**DISCUSSION**

3

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist *which did not exist or were not shown*

4

*upon such prior motion*, or what other grounds exist for the motion."   Local Rule 230(j). (Emphasis supplied).

Indeed, in his objections to the Magistrate Judge's Findings and Recommendations, Petitioner argued, as he does here, that his lack of legal understanding and his mental health problems were grounds for relief from dismissal.  (Doc. 19).  In the order adopting the Findings and Recommendations, the Court expressly considered those points and rejected them.  (Doc. 20).  Petitioner's contention that the Court is to blame for his failure to properly fill out his original form petition is specious.  Not only is that responsibility wholly Petitioner's, but, indeed, it would be both inappropriate and impossible for the Court to engage in giving each petitioner legal advice regarding how to state and frame his or her constitutional claims.  Finally, Petitioner's contention that, at some points in the past, he was declared incompetent to stand trial entirely belies the obvious rejoinder that, at other times, he was found sufficiently competent either to enter a guilty plea or be tried by a court of law.  Petitioner's self-serving claim of incompetence, without more, fails to meet Rule 60's tough standards.

Petitioner cannot serially take repeated bites out of the legal apple.  This case has been concluded, the petition has been dismissed, and all of the arguments raised herein have been presented to and rejected by the Ninth Circuit.  Petitioner has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motions for reconsideration must be denied.

### **ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motions for reconsideration (Docs. 29 & 30) are DENIED.

5

1  IT IS SO ORDERED.

2  Dated:   **October 3, 2012**                              **/s/ Lawrence J. O'Neill**
3                                                                              UNITED STATES DISTRICT JUDGE